UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HECTOR ROZO,                        )
                                    )
          Plaintiff,                )
                                    )
     v.                             )     Civil Action No. 13-0427 (BAH)
                                    )
U.S. DEPARTMENT OF JUSTICE *et al.*,)
                                    )
          Defendants.               )

## **MEMORANDUM OPINION**

In this action brought *pro se* under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, the defendants conducted a search for records responsive to the plaintiff's FOIA request but located no records. Asserting that their search was adequate, the defendants have moved for summary judgment under Federal Rule of Civil Procedure 56. Defs.' Mot. for Summ. J., ECF No. 11. The plaintiff has not complied with the Order of September 3, 2013, ECF No. 13, advising him about responding to the defendants' motion and giving him until October 10, 2013, to oppose the motion. Having considered the defendants' unrefuted evidence of an adequate search, the Court will grant the defendants' motion and enter judgment accordingly.

## **I. LEGAL STANDARD**

Pursuant to Rule 56, summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Estate of Parsons v. Palestinian Auth.*, 651 F.3d 118, 123 (D.C. Cir. 2011); *Tao v. Freeh*, 27 F.3d 635, 638 (D.C. Cir. 1994). To determine which facts are material, the Court looks to the

1

substantive law on which each claim rests. *Anderson*, 477 U.S. at 248. Summary judgment is properly granted against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "The court should state on the record the reasons for granting . . . the [summary judgment] motion." Fed. R. Civ. P. 56(a).

" 'FOIA cases typically and appropriately are decided on motions for summary judgment.' " *Georgacarakos v. FBI*, 908 F. Supp. 2d 176, 180 (D.D.C. 2012) (quoting *Defenders of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 87 (D.D.C. 2009)). With respect to the adequacy of an agency's search efforts, summary judgment may be based solely on information supplied in the agency's supporting declarations that "explain in reasonable detail the scope and method of the agency's search," *id*. at 181 (citing *Perry v. Block*, 684 F.2d 121, 126 (D.C. Cir. 1982)), and "demonstrate beyond material doubt that [the] search was reasonably calculated to uncover all relevant documents." *Students Against Genocide v. Dep't of State*, 257 F.3d 828, 838 (D.C. Cir. 2001) (quoting *Nation Magazine v. U.S. Customs Service*, 71 F.3d 885, 890 (D.C. Cir. 1995)). "The adequacy of a search 'is judged by a standard of reasonableness and depends, not surprisingly, upon the facts of each case.' " *Mobley v. CIA*, 924 F. Supp. 2d 24, 26 (D.D.C. 2013) (quoting *Weisberg v. U.S. Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984)). Since an adequate search is established by the "appropriateness" of the search methods employed, not the "fruits of the search," the sole fact that documents were not located cannot support a finding of an inadequate search. *Scaff-Martinez v. Drug Enforcement Admin.*, 770 F. Supp. 2d

17, 21-22 (D.D.C. 2011) (quoting *Iturralde v. Comptroller of Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003); *Boyd v. Criminal Div. of U.S. Dept. of Justice*, 475 F.3d 381, 390-91 (D.C. Cir. 2007)).

## II. DISCUSSION

The September 3, 2013 Order warned the plaintiff that his failure to refute the defendants' factual assertions in accordance with Rule 56(c)(e) -- the text of which was set out in the order -- might result in entry of judgment for the defendants. The plaintiff has completely failed to come forward with any evidence to rebut the defendants' declaration establishing their reasonably adequate search for responsive records. *See* Decl. of Michelle Smith, ECF No. 11-2, ¶¶ 5-13 (recounting her searches conducted in 2011, 2012, and 2013). Hence, the Court finds on the undisputed factual record that the defendants are entitled to judgment as a matter of law. *See Grimes v. District of Columbia*, 923 F. Supp. 2d 196, 198 (D.D.C. 2013) ("The 2010 Amendments to Federal Rule of Civil Procedure 56 . . . and the accompanying Advisory Committee Notes do not prohibit this Court from granting summary judgment where, as here, the nonmovant fails to demonstrate a genuine dispute as to any material fact."). A separate order accompanies this Memorandum Opinion.

/s/ *Beryl A. Howell*
UNITED STATES DISTRICT JUDGE

DATE: November 12, 2013